UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FREYTAG,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 15-cv-13569

Honorable Victoria A. Roberts

Magistrate Judge Mona K. Majzoub

_____/

| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
|---|---|
| By: David A. Kotzian (P38308)<br>    Charles R. Ash IV (P73877) | By: Elizabeth P. Hardy (P37426)<br>    Thomas J. Davis (P78626) |
| 30500 Northwestern Highway<br>Suite 425<br>Farmington Hills, MI 48334<br>(248) 737-9991<br>dkotzian@gmgmklaw.com<br>cash@gmgmklaw.com | 280 N. Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@kohp.com<br>tdavis@kohp.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE:
PLAINTIFF'S PROPOSED DEPOSITION OF DURINDA TRAVIS**

Plaintiff Ford Motor Company ("Ford"), by its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C., moves under Federal Rule of Civil Procedure 26(c), for a protective order forbidding Plaintiff's planned deposition of Durinda Travis—a member of the Ford-UAW National Job Security, Operational Effectiveness and Sourcing Committee ("NJSOESC"), created by the Ford-UAW collective bargaining agreement to resolve claims arising out of the complex "preferential placement" rules regarding transfers among Ford plants. Plaintiff seeks to depose Travis regarding the NJSOESC's internal deliberations that led to its ruling that Plaintiff had no contractual right to transfer from his plant in Sacramento, California to Michigan. Plaintiff's effort to depose Ms. Travis is improper for two reasons: *first*, the NJSOESC's internal deliberations are protected by an arbitral privilege; and *second*, those deliberations are irrelevant as Plaintiff's time to challenge the contractual ruling has expired.

In support of this motion and as further explained in Ford's accompanying brief, Ford states:

1. In June 2014, Plaintiff filed an appeal with the joint Ford-UAW National Job Security, Operational Effectiveness and Sourcing Committee seeking to reverse his voluntary transfer from Romeo, Michigan to a facility in Sacramento, California under the terms of the collective bargaining agreement.

The NJSOESC is a creation of the collective bargaining agreement authorized to hear such appeals.

2. On August 8, 2014, the NJSOESC issued a decision that Plaintiff's transfer would not be reversed, and that the collective bargaining agreement did not authorize the transfer he was requesting.

3. A joint management-labor committee created to resolve disputes under a collective bargaining agreement is entitled to arbitral immunity, which carries with it a privilege protecting its internal deliberations. Plaintiff's desire to depose Ms. Travis regarding the NJSOESC's decision should be rejected, as the information he seeks to elicit from her is privileged.

4. Further, if Plaintiff wished to challenge to the *contractual* determination that he was not entitled to a transfer, he had only six months to do so. Plaintiff did not file the current complaint until nearly a year after the NJSOESC's decision. Because the statute of limitations for challenging that contractual decision has run, it is no longer subject to dispute. For that reason, the information he seeks from Ms. Travis is not relevant.

5. Ford sought Plaintiff's concurrence in the relief requested in this motion on February 8, 2016, but such concurrence was not granted, necessitating the filing of this motion.

WHEREFORE, Ford respectfully requests that the Court grant Ford's motion for a protective order and forbid him from taking the deposition of Ms. Travis or, at a minimum, issue a protective order precluding him from inquiring into the decision-making of Ms. Travis or the NJSEOSC with regards to his requested transfer under the terms of the contract.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

*s/Thomas J. Davis*
By:   Elizabeth P. Hardy (P37426)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@kohp.com
tdavis@kohp.com

Dated:  February 17, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FREYTAG,

 Plaintiff,

v.

FORD MOTOR COMPANY,

 Defendant.

Case No. 15-cv-13569

Honorable Victoria A. Roberts

Magistrate Judge Mona K. Majzoub

_____/

| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
|---|---|
| By: David A. Kotzian (P38308)<br>  Charles R. Ash IV (P73877)<br>30500 Northwestern Highway<br>Suite 425<br>Farmington Hills, MI 48334<br>(248) 737-9991<br>dkotzian@gmgmklaw.com<br>cash@gmgmklaw.com | By: Elizabeth P. Hardy (P37426)<br>  Thomas J. Davis (P78626)<br>280 N. Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>ehardy@kohp.com<br>tdavis@kohp.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER RE: PLAINTIFF'S PROPOSED DEPOSITION OF DURINDA TRAVIS**

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED ........................................... ii

PRINCIPAL AUTHORITIES RELIED ON ......................................................... iii

INTRODUCTION ..........................................................................................1

BACKGROUND ............................................................................................1

ARGUMENT ..................................................................................................2

I. The Decisions of a Joint Labor-Management Committee Are Protected by Arbitral Immunity and the Corresponding Testimonial Privilege.........................................................................3

II. As Plaintiff's Time to Challenge the Contractual Decision Has Elapsed, Inquiry into that Decision is Irrelevant to this Case. ........................5

CONCLUSION ..............................................................................................7

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Plaintiff seeks to depose one of Ford's representatives on the NJSOESC, a joint committee created by the Ford-UAW collective bargaining agreement to resolve disputes regarding employee transfers among Ford facilities. The decisions of such joint labor-management committees are covered by arbitral immunity, and arbitral immunity carries with it a testimonial privilege. Should the Court quash Plaintiff's deposition notice that seeks such privileged testimony?

2.      An employee who believes that the employer and union violated his collective bargaining agreement rights has only six months to file a lawsuit. Plaintiff did not file a timely challenge to the NJSOESC's contractual decision, but nonetheless seeks to depose Ford's representative on that committee regarding its internal decision-making. As Plaintiff may not challenge that contractual decision, the NJSOESC's decision-making is not relevant. Should the Court quash Plaintiff's deposition notice for this reason too?

# PRINCIPAL AUTHORITIES RELIED ON

**Cases**

*Becton v. Detroit Terminal of Consol. Freightways*,
   687 F.2d 140 (6th Cir. 1982) ................................................................................ 6

*Corey v. New York Stock Exch.*,
   691 F.2d 1205 (6th Cir. 1982) .............................................................................. 3

*Garzella v. Borough of Dunmore*,
   237 F.R.D. 371 (M.D. Pa. 2006) .......................................................................... 4

*Gen. Drivers, Warehousemen & Helpers, Local Union No. 89*
   *v. Riss & Co.*, 372 U.S. 517 (1963) ..................................................................... 5

*Goodwin v. Teamsters Local 150*,
   1982 WL 31333 (E.D. Cal. 1982) ........................................................................ 4

*Hedrick v. W. Reserve Care Sys.*,
   355 F.3d 444 (6th Cir. 2004) ................................................................................ 6

*I. & F. Corp. v. Int'l Ass'n of Heat & Frost Insulators & Asbestos*
   *Workers, Local 8*, 493 F. Supp. 147 (S.D. Ohio 1980) ....................................... 3

*Krecun v. Bakery, Cracker, Pie, Yeast Drivers & Misc. Workers*
   *Union, Local 734*, 586 F. Supp. 545 (N.D. Ill. 1984) ......................................... 3

*Larry v. Penn Truck Aids, Inc.*,
   567 F. Supp. 1410 (E.D. Pa. 1983) ....................................................................... 3

*Martin v. Lake Cty. Sewer Co.*,
   269 F.3d 673 (6th Cir. 2001) ................................................................................ 6

*Murray v. U.S. Dep't of Treasury*,
   2010 WL 1980850 (E.D. Mich. May 18, 2010) ................................................... 2

*Nat'l Hockey League Players' Ass'n v. Bettman*,
   1994 WL 38130 (S.D.N.Y. Feb. 4, 1994) ............................................................ 4

*Phillips v. United Parcel Serv., Inc.*,
   2009 WL 2046126 (E.D. Mich. July 10, 2009) .................................................... 5

*Sevako v. Anchor Motor Freight, Inc.*,
    792 F.2d 570 (6th Cir. 1986) ................................................................................5

*United Food & Commercial Workers Int'l Union v. SIPCO, Inc.*,
    1990 WL 364772 (S.D. Iowa Oct. 16, 1990) ........................................................4

*Valassis v. Samelson*,
    143 F.R.D. 118 (E.D. Mich. 1992) ........................................................................2

**Rules**

E.D. Mich. L.R. 26.4 ........................................................................................................3

Fed. R. Civ. P. 26(c)(1) ....................................................................................................2

# INTRODUCTION

This lawsuit raises only statutory claims: that under the Americans with Disabilities act and Michigan's PWDCRA, Ford should have granted Plaintiff a transfer from Sacramento, California to southeastern Michigan as a "reasonable accommodation" for his alleged depression and anxiety. Dkt. 1 & Ex. A. Prior to raising such statutory claims, however, Plaintiff sought similar relief through an appeal to a joint Ford-UAW committee that the collective bargaining agreement created to resolve such issues. That committee denied his request. Plaintiff never sued over this *contractual* decision, and the time to do so has elapsed. Nonetheless, Plaintiff wants to inquire into contractual decision by deposing Durinda Travis, one of the members of the committee that decided his appeal. Ex. 1.

That is doubly improper. For one thing, the internal decision-making of joint labor committees is privileged, and Plaintiff is not entitled to depose the committee's members regarding its decision. For another, the contractual interpretation is now a *fait accompli*—he may no longer challenge that decision, so the reasons why the committee made its decision are irrelevant. The Court should not permit this improper deposition to take place.

# BACKGROUND

On February 14, 2014, faced with an imminent layoff, Plaintiff applied for a permanent transfer from Ford's Romeo Engine Plant to a Ford facility near

Sacramento, California. Ex. 2. He elected to take a significant relocation bonus along with the move, but in exchange waived all rights he had to transfer back to the Romeo plant. Ex. 3. Following his wife's refusal to join him in California, Plaintiff sought to reverse his transfer through an appeal to the National Job Security, Operational Effectiveness and Sourcing Committee. Ex. 4. The NJSEOSC is a joint Ford-UAW committee created by the Ford-UAW collective bargaining agreement to resolve claims arising out of the complex "preferential placement" rules regarding transfers among Ford plants. *See* Ex. 5.

On August 8, 2014, the NJSEOSC issued its decision, finding that while it was sympathetic to Plaintiff's situation, the collective bargaining agreement did not permit him to transfer. Ex. 6. Four months later, Plaintiff sought the same relief in the guise of an Americans with Disabilities Act "reasonable accommodation" claim. Ex. 7. This lawsuit was filed on September 10, 2015—some thirteen months after the NJSEOSC decision.

## ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) empowers a Court to issue a protective order "forbidding" or "limiting" discovery" upon a showing of good cause—including the irrelevancy or privileged nature of the discovery sought. *See, e.g.*, *Murray v. U.S. Dep't of Treasury*, 2010 WL 1980850, at *6 (E.D. Mich. May 18, 2010) (Ex. 8); *Valassis v. Samelson*, 143 F.R.D. 118, 125 (E.D. Mich. 1992);

2

L.R. 26.4. Here, the Court should forbid or limit the proposed deposition of Durinda Travis, as Plaintiff seeks to inquire into privileged and irrelevant matters.

I.  **The Decisions of a Joint Labor-Management Committee Are Protected by Arbitral Immunity and the Corresponding Testimonial Privilege**

The Sixth Circuit has long recognized the doctrine of arbitral immunity, holding that persons engaged in acts "within their jurisdiction in contractually agreed upon arbitration proceedings" are immune from suit. *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-10 (6th Cir. 1982). This includes decisions made by joint boards created by collective bargaining agreements to resolve disputes under the collective bargaining agreement. *I. & F. Corp. v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local 8*, 493 F. Supp. 147, 148 (S.D. Ohio 1980). In *I & F*—a decision cited favorably by the Sixth Circuit in *Corey*, 691 F.2d at 1210—a collective bargaining agreement called for the creation of a "Joint Trade Board" consisting of union and management members, empowered to resolve disputes under the CBA. 493 F. Supp. at 148. The court held that the decisions of such a body are "reviewed under the same standards as binding arbitration awards" and that the board had arbitral immunity.[1] *Id.* at 150-152.

---

[1] *See also, e.g.*, *Krecun v. Bakery, Cracker, Pie, Yeast Drivers & Misc. Workers Union, Local 734*, 586 F. Supp. 545, 550 (N.D. Ill. 1984) (granting arbitral immunity to member of joint labor-management committee); *Larry v. Penn Truck Aids, Inc.*, 567 F. Supp. 1410, 1415-16 (E.D. Pa. 1983) (holding "member of the Special Joint Committee . . . is clothed with absolute arbitral immunity"); *Goodwin*

Arbitral immunity carries with it a corresponding privilege. *See United Food & Commercial Workers Int'l Union v. SIPCO, Inc.*, 1990 WL 364772, at *2 (S.D. Iowa Oct. 16, 1990) ("a testimonial privilege, subject to exception, has been recognized to protect arbitrators from being subjected to lengthy, costly and intrusive discovery into decisional matters by way of subpoena and deposition."); *Garzella v. Borough of Dunmore,* 237 F.R.D. 371, 372 (M.D. Pa. 2006) ("Plaintiff's counsel also makes the argument that there is no testimonial privilege for arbitrators. There is no case law supporting this contention."); *Nat'l Hockey League Players' Ass'n v. Bettman*, 1994 WL 38130, at *8 (S.D.N.Y. Feb. 4, 1994) (denying, on privilege grounds, request to produce document that would "expose the analytical process that led to the arbitrator's decision")

Here, the 2011 Ford-UAW collective bargaining agreement (which was in effect during the relevant times in this case) created the NJSEOSC to, among other things, resolve disputes related to the transfer program that Plaintiff participated in when electing to transfer to California. *See, e.g.*, Ex. 5, App'x M at III.C.9, III.D, III.E; App'x N; App'x O. Plaintiff participated in that program, and the NJSEOSC (both the Ford and UAW side) decided that the collective bargaining agreement did not allow him to transfer back. Ex. 6.

---

*v. Teamsters Local 150*, 1982 WL 31333, *4 (E.D. Cal. 1982) ("since defendant Joint Committee serves an arbitral function pursuant to the collective bargaining agreement," it is entitled to immunity).

4

Plaintiff now seeks to depose Durinda Travis, Ford's representative on the NJSEOSC, and a co-signer of the committee's decision. But as a joint labor-management committee empowered to address this dispute, the NJSEOSC and its member Ms. Travis are entitled to arbitral immunity. To the extent that Plaintiff seeks to inquire into Ms. Travis and the committee's decision-making processes—and he has identified no other basis for this deposition—his attempt to do so is improper. *See supra* at 3-4. A protective order forbidding her deposition, or at least forbidding inquiry into the NJSEOSC's decision-making, should be entered.

**II.     As Plaintiff's Time to Challenge the Contractual Decision Has Elapsed, Inquiry into that Decision is Irrelevant to this Case.**

As with other collective-bargaining agreement claims, a party aggrieved by a decision of a joint labor-management committee has recourse via a claim under Section 301 of the Labor-Management Relations Act. *See, e.g.*, *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). There is a six-month statute of limitations for "hybrid" claims under Section 301 that would challenge both the employer and union's alleged violation of an employee's collective bargaining rights. *See, e.g.*, *Sevako v. Anchor Motor Freight, Inc.*, 792 F.2d 570, 574-75 (6th Cir. 1986) (applying six-month statute of limitations in challenge to decisions of joint committee); *Phillips v. United Parcel Serv., Inc.*, 2009 WL 2046126, at *4 (E.D. Mich. July 10, 2009) (same).

Here, Plaintiff filed suit in September 2015—over a year after the NJSEOSC's decision, and more than six months after the statute of limitations for a Section 301 claim had run. While Ford does not challenge Plaintiff's ability to bring a *statutory* claim under the ADA, he may not reopen the NJSEOSC's decision that Plaintiff had no *contractual* right to transfer under to the collective bargaining agreement. *See Martin v. Lake Cty. Sewer Co.*, 269 F.3d 673, 679 (6th Cir. 2001) (holding that where FLSA claim rested entirely on an interpretation of a collective bargaining agreement, and Plaintiff did not bring a timely LMRA claim challenging that contractual interpretation, his FLSA claim was properly dismissed); *cf. Becton v. Detroit Terminal of Consol. Freightways*, 687 F.2d 140, 142 (6th Cir. 1982) (holding that, although Plaintiff could bring a Title VII discrimination claim regarding his discharge, the "court should defer to the arbitrator's construction of the contract.").

Here, Plaintiff is presumably seeking to reopen the contractual interpretation because he is undoubtedly aware that "[e]mployers are not required to . . . violate other employees' rights under a collective bargaining agreement or other non-discriminatory policy in order to accommodate a disabled individual." *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004). The contract interpretation is now settled—Plaintiff had no right to transfer under the CBA. The relevant statutory issue on this point is thus whether Plaintiff's proposed transfer,

one that was *unauthorized* by the collective bargaining agreement, would violate the rights of other employees. Plaintiff's proposed deposition of Ms. Travis regarding her *contractual* interpretation of the CBA is not at issue in this case, and is thus irrelevant. Her deposition should not be permitted.

## CONCLUSION

The Court should forbid the deposition of Ms. Travis, or, at a minimum, order that Plaintiff may not inquire into the decision-making of Ms. Travis or the NJSEOSC with regards to his requested transfer under the terms of the contract.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

*s/Thomas J. Davis*
By:   Elizabeth P. Hardy (P37426)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Dated:  February 17, 2016

246163

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record.

                                          *s/Thomas J. Davis*
                                          Thomas J. Davis
                                          Kienbaum Opperwall Hardy
                                              & Pelton, P.L.C.
                                          280 N. Old Woodward Avenue, Suite 400
                                          Birmingham, MI  48009
                                          (248) 645-0000
                                          tdavis@kohp.com
                                          (P78626)