UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FREYTAG,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 15-cv-13569

Honorable Victoria A. Roberts

Magistrate Judge Mona K. Majzoub

_____/

| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
|---|---|
| By: David A. Kotzian (P38308) | By: Elizabeth P. Hardy (P37426) |
| 30500 Northwestern Highway |     Thomas J. Davis (P78626) |
| Suite 425 | 280 N. Old Woodward Avenue |
| Farmington Hills, MI 48334 | Suite 400 |
| (248) 737-9991 | Birmingham, MI 48009 |
| dkotzian@gmgmklaw.com | (248) 645-0000 |
| | ehardy@kohp.com |
| *Counsel for Plaintiff* | tdavis@kohp.com |
| | *Counsel for Defendant* |

_____

# DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

**TABLE OF CONTENTS**

DEFENDANT'S CONCISE STATEMENT OF ISSUES PRESENTED ................................................................................................... ii

PRINCIPAL AUTHORITIES RELIED ON ......................................................... iii

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................2

I. The Decisions of a Joint Labor-Management Committee Are Protected by Arbitral Immunity and the Corresponding Discovery Privilege ..................................................................................2

II. The NJSOESC's Internal Deliberative Process Is Irrelevant. .........................5

III. Plaintiff's Request for Attorney's Fees and Costs Has Been Withdrawn. ...................................................................................................7

CONCLUSION .....................................................................................................8

## DEFENDANT'S CONCISE STATEMENT OF ISSUES PRESENTED

1. Plaintiff seeks information related to internal deliberations of the NJSOESC, a joint committee created by the Ford-UAW collective bargaining agreement to resolve disputes regarding employee transfers among Ford facilities. The decisions of such joint labor-management committees are covered by arbitral immunity, and arbitral immunity carries with it a discovery privilege. Should the Court deny the motion to compel based on arbitral immunity?

2. An employee who believes that the employer and union violated his collective bargaining agreement rights has only six months to file a lawsuit. Plaintiff did not file a timely challenge to the NJSOESC's contractual decision, but nonetheless seeks information regarding the committee's internal decision-making. As Plaintiff may not challenge that contractual decision, the NJSOESC's decision-making is not relevant. Should the Court deny the motion to compel for this reason too?

# PRINCIPAL AUTHORITIES RELIED ON

**Cases**

*Becton v. Detroit Terminal of Consol. Freightways*,
   687 F.2d 140 (6th Cir. 1982) ....................................................................................7

*Corey v. New York Stock Exch.*,
   691 F.2d 1205 (6th Cir. 1982) ...............................................................................2, 3

*Garzella v. Borough of Dunmore*,
   237 F.R.D. 371 (M.D. Pa. 2006) ..............................................................................3

*Goodwin v. Teamsters Local 150*,
   1982 WL 31333 (E.D. Cal. 1982) .........................................................................3, 4

*Hedrick v. W. Reserve Care Sys.*,
   355 F.3d 444 (6th Cir. 2004) ....................................................................................6

*I. & F. Corp. v. Int'l Ass'n of Heat & Frost Insulators & Asbestos
   Workers, Local 8*, 493 F. Supp. 147 (S.D. Ohio 1980) .........................................3, 4

*Krecun v. Bakery, Cracker, Pie, Yeast Drivers & Misc. Workers
   Union, Local 734*, 586 F. Supp. 545 (N.D. Ill. 1984) ..............................................3

*Larry v. Penn Truck Aids, Inc.*,
   567 F. Supp. 1410 (E.D. Pa. 1983) ...........................................................................3

*Martin v. Lake Cty. Sewer Co.*,
   269 F.3d 673 (6th Cir. 2001) ....................................................................................7

*Morris v. Werner-Cont'l, Inc.*,
   466 F.2d 1185 (6th Cir. 1972) ..................................................................................2

*Nat'l Hockey League Players' Ass'n v. Bettman*,
   1994 WL 38130 (S.D.N.Y. Feb. 4, 1994) .................................................................4

*United Food & Commercial Workers Int'l Union v. SIPCO, Inc.*,
   1990 WL 364772 (S.D. Iowa Oct. 16, 1990) ............................................................3

**Rules**

Fed. R. Civ. P. 26(b) ...................................................................................................2

Fed. R. Civ. P. 37(a)(5)(B) ........................................................................................8

## INTRODUCTION

Om June 2, 2014, Plaintiff's local union filed, on his behalf, an appeal to the National Job Security, Operational Effectiveness, and Sourcing Committee requesting a transfer. The NJSOESC is a joint Ford-UAW committee created by the collective bargaining agreement to resolve claims related to transfers between Ford's plants. On August 8, 2014, the NJSOESC determined that the CBA did not permit Plaintiff to transfer. Plaintiff could have challenged this contract ruling under Section 301 of the Labor-Management Relations Act, but he did not—and he concedes he has no intent of bringing such a challenge. Dkt. 17, Pg ID 248. Nor could he; the six-month statute of limitations for an LMRA claim expired before he filed this suit.

Given these undisputed facts, the Court should deny Plaintiff's motion to compel information regarding the NJSOESC's internal decision-making. *First*, that information is privileged. *Second*, the information is irrelevant: Plaintiff is not challenging the contractual decision, and it is no longer subject to challenge. Plaintiff's rationale for seeking the documents is that he does not believe that the NJSOESC's decision forecloses his ADA claim. If that is the case, then what difference would the NJSOESC's internal deliberative process regarding the contract make? None. He has the committee's decision, and is free to argue the

statutory implications of that unchallenged decision in this Court. The committee's deliberative processes are not relevant facts. Plaintiff's motion should be denied.

## ARGUMENT

As amended on December 1, 2015, Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Here, Plaintiff's motion to compel information regarding the internal decision-making of the NJSOESC is improper both because it is protected by an arbitral privilege, and because it is not relevant to his claims or defenses or proportional to the needs of the case.

## I. The Decisions of a Joint Labor-Management Committee Are Protected by Arbitral Immunity and the Corresponding Discovery Privilege

The Sixth Circuit has long recognized the doctrine of arbitral immunity, holding that persons engaged in acts "within their jurisdiction in contractually agreed upon arbitration proceedings" are immune from suit. *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-10 (6th Cir. 1982). "Arbitration" includes decisions made by joint boards created by collective bargaining agreements to resolve disputes under the collective bargaining agreement. *See, e.g.*, *Morris v. Werner-Cont'l, Inc.*, 466 F.2d 1185, 1191 (6th Cir. 1972) (according joint committee decision same deference as an arbitral decision); *I. & F. Corp. v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local 8*, 493 F. Supp. 147,

148 (S.D. Ohio 1980). In *I. & F. Corp.*—a decision cited favorably by the Sixth Circuit in *Corey*, 691 F.2d at 1210—a collective bargaining agreement called for the creation of a "Joint Trade Board" consisting of union and management members, empowered to resolve disputes under the CBA. 493 F. Supp. at 148. The court held that the decisions of such a body are "reviewed under the same standards as binding arbitration awards" and that the board had arbitral immunity.[1] *Id.* at 150-152.

Moreover, arbitral immunity carries with it a corresponding privilege. *See United Food & Commercial Workers Int'l Union v. SIPCO, Inc.*, 1990 WL 364772, at *2 (S.D. Iowa Oct. 16, 1990) ("a testimonial privilege, subject to exception, has been recognized to protect arbitrators from being subjected to lengthy, costly and intrusive discovery into decisional matters by way of subpoena and deposition."); *Garzella v. Borough of Dunmore,* 237 F.R.D. 371, 372 (M.D. Pa. 2006) ("Plaintiff's counsel also makes the argument that there is no testimonial privilege for arbitrators. There is no case law supporting this contention."); *Nat'l Hockey League Players' Ass'n v. Bettman*, 1994 WL 38130, at *8 (S.D.N.Y. Feb.

---

[1] *See also, e.g.*, *Krecun v. Bakery, Cracker, Pie, Yeast Drivers & Misc. Workers Union, Local 734*, 586 F. Supp. 545, 550 (N.D. Ill. 1984) (granting arbitral immunity to member of joint labor-management committee); *Larry v. Penn Truck Aids, Inc.*, 567 F. Supp. 1410, 1415-16 (E.D. Pa. 1983) (holding "member of the Special Joint Committee . . . is clothed with absolute arbitral immunity"); *Goodwin v. Teamsters Local 150*, 1982 WL 31333, *4 (E.D. Cal. 1982) ("since defendant Joint Committee serves an arbitral function pursuant to the collective bargaining agreement," it is entitled to immunity).

4, 1994) (denying, on privilege grounds, request to produce document that would "expose the analytical process that led to the arbitrator's decision")

Plaintiff suggests that immunity is not available because the NJSOESC did not engage in a quasi-trial. Dkt. 12 at Pg ID 167. But he cites no authority that such procedures are necessary, and the *I. & F. Corp.* court explains why that argument holds no water. There, the court noted that although joint boards "lack an impartial component or member," it "is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties." 493 F. Supp. at 149. Thus, "[i]f the parties agree that a procedure other than arbitration shall provide a conclusive resolution of their differences, federal labor policy encourages that procedure no less than arbitration." *Id.*; *see also Goodwin*, 1982 WL 31333, at *4 ("Plaintiff argues that defendant Joint Committee's procedures are not formal enough to merit being treated as an arbitrator. Plaintiff fails, however, to cite any authority establishing any minimal level of formality or due process for contractual grievance procedures.").

Plaintiff does not dispute that the NJSOESC was empowered by the CBA to resolve his contractual request for a transfer. That is all that is necessary to afford the Committee arbitral immunity. In any event, the basis of Plaintiff's objection to the procedures utilized (apart from his dissatisfaction with the result) is unclear. The committee received position statements and evidence from both the union and

4

management, reviewed the material, and rendered a decision in writing. Dkt. 11-5, 11-7. That is similar to what courts and arbitrators do every day: issue decisions on the papers. The NJSOESC is entitled to arbitral immunity as it relates to that decision, including a privilege against inquiry into its internal decision-making.

## II.   The NJSOESC's Internal Deliberative Process Is Irrelevant.

Plaintiff concedes that he did not bring a claim challenging the NJSOESC's contractual decision under Section 301 of the LMRA, nor does he dispute that such a claim is now time-barred. Dkt. 12, Pg ID 165; *see also* Dkt. 11, Pg ID 72-75 (discussing same issue in context of Ford's protective-order motion). Plaintiff's concession should be dispositive of the motion to compel for two reasons.

*First*, as Plaintiff concedes, the NJSOESC decided that the collective bargaining agreement did not authorize Plaintiff's requested transfer from California to Michigan. *See* Dkt. 12, Pg ID 166. Because he has not challenged— and can no longer challenge—that contractual decision, it is a *fait accompli* for purposes of this case. Plaintiff had no contractual right to a transfer, and because that decision is final and unchallenged, the NJSOESC's internal deliberations regarding that decision are not relevant to this case.

*Second*, Plaintiff's rationale for seeking NJSOESC information rests on a misunderstanding of Ford's defense. Plaintiff claims that Ford "asserts that there was no duty to grant him the transfer back to Michigan because the NJSOESC

5

determined that granting such an accommodation would violate the collective bargaining agreement," and thus seeks "discovery to show that the committee's decision cannot be a bar to his request for reasonable accommodation under the ADA and PWDCRA." the CBA. Dkt. 12, Pg ID 165, 167. That is inaccurate. Ford has not argued that the NJSOESC undertook a statutory analysis of the ADA or PWDCRA, or "accommodation" issues under those statutes; indeed, Plaintiff's appeal sought only relief under the contract, and Plaintiff never mentioned the ADA to Ford until long after NJSOESC had decided. *See* Dkt. 11, Pg ID 74; Dkt. 11-5, 11-7, 11-8. Nor does Ford dispute Plaintiff's ability to bring a statutory, as opposed to contractual, claim for relief. Dkt. 11, Pg ID 74. Rather, Ford's argument is that the statutory request for a transfer is not reasonable because (1) employers are not required to "violate other employees' rights under a collective bargaining agreement . . . in order to accommodate a disabled individual," *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004); and (2) if Ford were to grant Plaintiff's requested full-seniority transfer, when the CBA does not authorize that transfer, it would violate the collective bargaining rights of other employees.[2]

---

[2] Plaintiff agreed that this is what he wanted, testifying that Ford should have transferred him to a Michigan plant with his full seniority intact, without regard to the fact that such a transfer would bump down all other less-senior employees at the plant who would not have been bumped down if the CBA were followed. *See* Pl's Dep. at 155-158 (Ex. A); Dkt. 15, Joint Stipulation of Facts at ¶¶ 1-2 (Ex. B).

Plaintiff remains free to argue that, under statutory law, a "reasonable accommodation" requires transferring an employee even if transfer that is not authorized by a collective bargaining agreement. He is free to argue that an unauthorized transfer here would not have violated other employees' rights. The only thing he is foreclosed from arguing is that the *collective bargaining agreement* authorized a transfer here, and to that limited extent, his claim must be viewed in light of the NJSOESC holding. *See Martin v. Lake Cty. Sewer Co.*, 269 F.3d 673, 679 (6th Cir. 2001) (holding that where FLSA claim rested entirely on an interpretation of a collective bargaining agreement, and Plaintiff did not bring a timely LMRA claim challenging that contractual interpretation, his FLSA claim was properly dismissed); *cf. Becton v. Detroit Terminal of Consol. Freightways*, 687 F.2d 140, 142 (6th Cir. 1982) (holding that, although Plaintiff could bring a Title VII discrimination claim regarding his discharge, the "court should defer to the arbitrator's construction of the contract."). Because the NJSOESC's internal decision-making pertains *solely* to the contract interpretation, and the contract interpretation is not in dispute, Plaintiff's request for those documents is irrelevant and not proportional to the needs of the case.

### III. Plaintiff's Request for Attorney's Fees and Costs Has Been Withdrawn.

Plaintiff's motion and brief sought costs and fees in the event the motion to compel were granted. Dkt. 12, Pg ID 155, 167. The parties had not specifically

discussed this issue during their earlier conference. They have since conferred, and Plaintiff has agreed to drop his request for fees if his motion is successful, and Defendant has in turn agreed not to seek fees, as permitted by Fed. R. Civ. P. 37(a)(5)(B), should the motion to compel be denied.

## CONCLUSION

The Court should deny the motion to compel.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

*s/Thomas J. Davis*
By:  Elizabeth P. Hardy (P37426)
       Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Dated:  March 8, 2016

246909

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record.

                                    *s/Thomas J. Davis*
                                    Thomas J. Davis
                                    Kienbaum Opperwall Hardy
                                        & Pelton, P.L.C.
                                    280 N. Old Woodward Avenue, Suite 400
                                    Birmingham, MI  48009
                                    (248) 645-0000
                                    tdavis@kohp.com
                                    (P78626)