**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KEVIN FREYTAG,**

    **Plaintiff,**     **CIVIL ACTION NO. 15-CV-13569**

**vs.**     **DISTRICT JUDGE VICTORIA A. ROBERTS**

         **MAGISTRATE JUDGE MONA K. MAJZOUB**

**FORD MOTOR COMPANY,**

    **Defendants.**

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER [11] AND DENYING PLAINTIFF'S MOTION TO COMPEL [12]**

Before the Court are Defendant's Motion for a Protective Order re: Plaintiff's Proposed Deposition of Durinda Travis (docket no. 11) and Plaintiff's Motion to Compel Discovery (docket no. 12). The Parties have filed various Responses and Replies to the Motions (docket nos. 17, 18, and 19) and a Joint Statement of Unresolved Issues related to both Motions (docket no. 22). The Motions were referred to the undersigned for consideration. (Docket no. 14.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.     Background**

After working for Defendant for nearly 14 years, Plaintiff requested and received a transfer from Defendant's plant in Romeo, Michigan, to a facility in Sacramento, California. When Plaintiff's wife refused to join him in California, he began to suffer from depression and anxiety with panic attacks. Plaintiff requested and was approved for medical leave in May 2014, but when his physician cleared him to return, it was with the condition that he work in Michigan so

1

that he could be with his children.  Thus, Plaintiff asked Defendant to transfer him back to Michigan.

Plaintiff's request was handled by the National Job Security, Operational Effectiveness and Sourcing Committee (NJSEOSC), a joint Ford-UAW committed created by the Ford-UAW Collective Bargaining Agreement.  On August 8, 2014, the Committee denied Plaintiff's request in a joint letter from UAW Coordinator Jodey Dunn and Ford Coordinator Durinda Travis; the letter noted the following:

> While [the UAW and Ford] are sympathetic to the situation, there is no mechanism in the Master Agreement to authorize this request.  In the present case, the investigation found no violation of Appendix M, N, or O of the Master Agreement.  As such the NJSOESC is unable to grant the request to transfer.

(Docket no. 11-7)  In December 2014, Plaintiff sought an additional review of his request, arguing that a transfer to Michigan was a reasonable accommodation under the ADA.  (*See* docket no. 11-8.)  It is unclear whether the Committee officially reviewed Plaintiff's second request, but it appears they did not.  When Plaintiff failed to return to work in January 2015, Defendant terminated his employment.  Plaintiff initiated this lawsuit on September 10, 2015, alleging that Defendant's refusal to transfer him from California to Michigan violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*, and Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*  (Docket no. 1-2.)

One of Defendant's primary arguments in opposition of Plaintiff's claims is that the Committee's decision under the CBA forecloses his action under the ADA and PWCRA because granting Plaintiff's request for an accommodation would conflict with the established seniority system under the CBA.  (*See* docket no. 4 at 7-6.)  Moreover, Defendant contends, to the extent Plaintiff challenges the Committee's determination under the CBA, any such claims are time

2

barred. (*Id.*) Notably, though, Plaintiff does not challenge the Committee's determination under the CBA. (Docket no. 17 at 14.)

As part of his discovery requests Plaintiff seeks information regarding the Committee's determination. At issue in the instant motions are Plaintiff's Interrogatory No. 7, Plaintiff's Request for Production Nos. 15, and 16, and Plaintiff's Notice of Taking the Deposition of Durinda Travis, Ford's Committee Coordinator. (*See* docket nos. 11 and 12.) Plaintiff also intends to take the deposition of Jodey Dunn, the UAW's Committee Coordinator, but acknowledges that his ability to do so turns on the Court's determination of the instant Motions.

## II.     Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving such a request has

3

thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

Rule 26(c), however, permits a court to issue a protective order for "good cause" to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c)(1). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F.App'x 498, 500 (6th Cir. 2001) (citation omitted).

**III.   Analysis**

Although the parties have filed competing motions related to interrogatories, requests for production, and the deposition of a non-party, they implicitly agree that all of their outstanding discovery disputes relate to two issues: (1) is any information related to the internal, deliberative process of the NJSEOSC relevant to Plaintiff's claims or Defendant's defenses; and (2) is the internal, deliberative process of the NJSEOSC protected by arbitral immunity and a corresponding discovery privilege. That is, if the information is irrelevant, Plaintiff's related interrogatory,

4

requests for production, and deposition of Durinda Travis are outside the scope of Rule 26(b). And if the information is relevant, Plaintiff is only entitled to it where no privilege applies.

At the outset, the Court acknowledges the parties' arguments related to whether this information would be discoverable had Plaintiff made a claim related specifically to the Committee's decision under the CBA. Plaintiff has made no such claim, and he reiterates that he has no intention to do so. (Docket no. 12 at 14.) Thus, any argument related to whether Plaintiff can bring such a claim has no bearing in this matter, and the only question currently before the Court is whether the rationale behind the Committee's decision is relevant to Plaintiff's ADA and PWCRA claims.

As noted, one of Defendant's arguments in opposition of Plaintiff's claims is that "'[e]mployers are not required to . . . violate other employees' rights under a [CBA] or other non-discriminatory policy in order to accommodate a disabled individual.'" (Docket no. 11 at 15 (quoting *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004).) Defendant contends that transferring Plaintiff from California to Michigan with full seniority (which is what Plaintiff requested) would violate the rights of other Ford employees under the CBA, so regardless of whether such a transfer would be a reasonable accommodation, Defendant did not run afoul of the ADA or PWCRA. Following this logic, Defendant argues that because Plaintiff's transfer was unauthorized by the CBA (a question not at issue in the instant matter), the rationale underlying that decision is irrelevant. (*Id.* at 15-16.)

Plaintiff asserts that inquiry into the rationale underlying the Committee's decision is relevant because "the decision . . . does not state that the transfer would constituta a violation [of the CBA; i]nstead, the [Committee] states that the applicable [CBA] contained 'no mechanism in

5

the Master Agreement to authorize the request.'" (Docket no. 12 at 14-15 (quoting docket no. 11-7).) Plaintiff is correct, but he does not explain why this makes the Committee's rationale relevant. (*See* docket no. 12 at 14-15; docket no. 17 at 14-15.) Plaintiff implies that the information would refute Defendant's argument "that there was no duty to grant [Plaintiff] the transfer back to Michigan because the [Committee] determined that granting such an accommodation would violate the [CBA]." (*Id.* at 14.) But Defendant makes no such assertion. To the contrary, Defendant acknowledges that "[t]he relevant statutory issue on this point [and in this case] is . . . whether Plaintiff's proposed transfer . . . would violate the rights of other employees." (Docket no. 11 at 15-16.) Defendant only asserts that the transfer was "unauthorized" by the Committee. (*Id.* at 16.)

The Court agrees with Defendant. Plaintiff has not challenged the decision of the Committee under the CBA. Thus, for purposes of Plaintiff's claims, the transfer was unauthorized. The rationale for that decision is wholly irrelevant in determining whether the transfer would violate the rights of other Ford employees. Plaintiff did not request an accommodation under the ADA or PWCRA until after the Committee issued its decision, and Plaintiff does not suggest that the Committee considered the same. While the scope of discovery is broad and does not turn on whether such information would be admissible at trial, Plaintiff has not persuaded the Court that inquiry into the deliberative process of the NJSOESC is reasonably calculated to lead to the discovery of admissible evidence. That is, the Committee's rationale for finding that Plaintiff's request was unauthorized by the CBA is of no consequence to the determination of Plaintiff's claims or Defendant's defenses.

Defendant also argues that even if Plaintiff's requests are relevant, the Committee is

6

protected by arbitral immunity, which carries with it a corresponding testimonial privilege. (Docket no. 11 at 12-14.) There is no dispute that arbitrators are immune from suit, and Plaintiff implicitly acknowledges that he would be barred from filing a claim against the Committee members for denying his transfer request.[1] (*See* docket no. 12 at 15-16.) Plaintiff argues, though, that any corresponding testimonial privilege is limited and that such limitations bar application of the privilege in this case. (*Id.* at 16.) Thus, Plaintiff asks that the Court allow him to inquire into the following:

> (1) to confirm that the NJSOESC decision only held that there was no "mechanism" to allow Plaintiff's transfer under the collective bargaining agreement, and the NJSOESC did not determine that allowing such a transfer as an accommodation for a disability would be improper; and (2) that the basis for the decision was solely a review of the applicable contract provisions, and not a ruling on Plaintiff's disability discrimination claims.

(Docket no. 17 at 17.)

There is no bright-line rule regarding whether such a privilege exists for a joint committee and, if so, to what extent the privilege is limited; indeed, as the Parties' arguments make clear, the limitations on the corresponding arbitral privilege are case specific. *See, e.g.*, *United Food * Commercial Workers Int'l Union v. SIPCO, Inc.*, 1990 WL 364772, at *2 (S.D. Iowa Oct. 16, 1990); *Harzella v. Borough of Dunmore*, 237 F.R.D. 371, 372 (M.D. Pa. 2006); *Nat'l Hockey League Players' Ass'n v. Bettman*, 1994 WL 38130, at *8 (S.D.N.Y. Feb. 4, 1994); *Krecun v. Bakery, Cracker, Pie, Yeast Drivers & Misc. Workers Union, Local 374*, 586 F. Supp. 545, 550 (N.D. Ill. 1984); *Larry v. Penn Truck Aids, Inc.*, 567 F. Supp. 1410 1415-16 (E.D. Pa. 1993);

---

[1] Plaintiff does question certain procedural shortcomings in the NJSOESC process with regard to whether the decision meets the definition of an "arbitration," but Plaintiff does not develop this argument. Moreover, Plaintiff points to no law requiring certain procedural requirements be met before a joint committee can be protected by the arbitral privilege. *Cf.*, *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-10 (6th Cir. 1982).

7

*Goodwin v. Teamsters Local 150*, 1982 WL 31333, *4 (E.D. Cal. 1982); *Frere v. Orthofix*, 2000 WL 1789641, *7 (S.D.N.Y. Dec. 6, 2000). While the Court would be inclined to grant Plaintiff limited discovery into the two areas outlined in his Motion, because the Court finds that Plaintiff's requests do not seek relevant evidence, the Court need not make such a determination. The Court does, however, find that both parties' positions on this matter were substantially justified; therefore, both Parties' requests for costs will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [12] is **DENIED** and that Defendants' Motion Protective Order [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that both Parties' requests for costs are **DENIED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 23, 2016                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served on counsel of record on this date.

Dated: May 23, 2016                     s/ Lisa C. Bartlett
                                        Case Manager