UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FREYTAG,

        Plaintiff,

                                 Case No.  15-cv-13569

vs.

                                 Honorable Victoria A. Roberts
                                 Magistrate Mona K. Majzoub

FORD MOTOR COMPANY,

        Defendant.

_____/

| GASIOREK, MORGAN, GRECO, | KIENBAUM OPPERWALL HARDY |
|---|---|
| McCAULEY & KOTZIAN, P.C. | & PELTON, P.L.C. |
| David A. Kotzian (P38308) | Elizabeth P. Hardy (P37426) |
| Ahmad A. Chehab (P75560) | Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30500 Northwestern Highway, Suite 425 | 280 N. Old Woodward Ave, Suite 400 |
| Farmington Hills, MI 48334 | Birmingham, MI 48009 |
| (248) 865-0001 | (248) 645-0000 |
| dkotzian@gmgmklaw.com | ehardy@kohp.com |
| | tdavis@kohp.com |

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, KEVIN FREYTAG, by and through his attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., and for the reasons set forth in the attached Brief, hereby opposes Defendant's Motion for Summary Judgment under Fed. R. Civ. P.56(c) on the basis that genuine issues of material fact exist which must be determined by a jury.

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment in its entirety.

Respectfully submitted,

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN P.C.

BY:   /s/ DAVID A. KOTZIAN, (P38308)
        AHMAD A. CHEHAB (P75560)
        Attorneys for Plaintiff
        30500 Northwestern Highway, Ste. 425
        Farmington Hills, MI 48334
        (248) 865-0001
        dkotzian@gmgmklaw.com
        achehab@gmgmklaw.com

Dated: July 11, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FREYTAG,

        Plaintiff,

                                      Case No.  15-cv-13569

vs.

                                        Honorable Victoria A. Roberts
                                        Magistrate Mona K. Majzoub

FORD MOTOR COMPANY,

        Defendant.

_____/

| | |
|---|---|
| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
| David A. Kotzian (P38308) | Elizabeth P. Hardy (P37426) |
| Attorneys for Plaintiff | Thomas J. Davis (P78626) |
| 30500 Northwestern Highway, Suite 425 | Attorneys for Defendant |
| Farmington Hills, MI 48334 | 280 N. Old Woodward Ave, Suite 400 |
| (248) 865-0001 | Birmingham, MI 48009 |
| dkotzian@gmgmklaw.com | (248) 645-0000 |
| | ehardy@kohp.com |
| | tdavis@kohp.com |

_____/

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. · 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## <u>TABLE OF CONTENTS</u>

Controlling or Most Appropriate Authorities ........................................................ iii

Index of Authorities ...................................................................................iv

Index of Exhibits......................................................................................vi

Counter-Statement of Issues Presented.................................................................... vii

Counter-Statement of Material Facts ........................................................................1

Introduction ..........................................................................................4

Argument...............................................................................................5

I.  Plaintiff Can Establish a Valid Claim of Discrimination Under the ADA and PWDCRA Based on Defendant's Failure to Provide Reasonable Accommodation

    A.  Plaintiff Could Not Prospectively Waive His Rights Under the ADA or PWDCRA

    B.  Plaintiff has a Disability as Defined by the ADA and PWDCRA

    C.  Plaintiff Was Qualified for the Position He Asked to Be Transferred To

    D.  Defendant Knew, or Should Have Known of Plaintiff's Disability

    E.  Plaintiff Requested a Reasonable Accommodation

        1.  The Terms Of The Collective Bargaining Agreement Should Not Bar Plaintiff's Request For Reasonable Accommodation Under The Special Circumstances Of This Case

        2. Plaintiff's Request to Transfer To a Michigan-Based Facility to Accommodate His Disability Was Not Unreasonable As a Matter of Law

    F. Defendant Failed and/or Refused to Grant the Requested Accommodation

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

G.     Plaintiff Provided Sufficient Documentation Regarding the Medical Need for his Transfer Request, and Defendant Failed to Engage in the Interactive Process with Plaintiff

H.     Defendant Cannot Establish that Plaintiff's Request for Accommodation was an Undue Hardship

Conclusion ............................................................................................................24

Certificate of Service

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

### <u>Cases</u>

*Holiday v. City of Chattanooga*, 206 F.3d 637 (6th Cir. 2000) ........................... 20

*Knight v Metro Gov't of Nashville & Davidson Cnty., Tn.,*
136 F. App'x. 755 (6th Cir. 2005) ...................................................................... 11

*US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ........................................ *passim*

### <u>Statute</u>

Americans with Disabilities Act (ADA), 42 U.S.C § 12101 *et seq* .............. *passim*

### <u>Regulation</u>

29 C.F.R. 1630 .................................................................................. *passim*

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

# INDEX OF AUTHORITIES

## Cases

Arthur v. Am. Showa, Inc., 2015 WL 4773303 (6th Cir. 2015) .......................... 14

Bratten v. SSI Services, Inc., 185 F.3d 625 (6th Cir. 1999)........................................7

Brookins v. Indianapolis Power & Light Co., 90 F. Supp. 2d 993
(S.D. Ind. 2000)...................................................................................... 19

Cehrs v. NE. Ohio Alzheimer's Research Ctr., 155 F.3d 775 (6th Cir. 1998) ..... 20

Esktrand v. Sch. Dist. of Somerset, 583 F.3d 972 (7th Cir. 2009) .......................... 20

Hedrick v. W. Reserve Care Sys., 355 F.3d 444 (6th Cir. 2004) .................... 18,20

Holiday v. City of Chattanooga, 206 F.3d 637 (6th Cir. 2000) ............................... 20

Huge v. General Motors Corp., 62 Fed. Appx. 77 (6th Cir. 2003)............................8

Johnson v. Cleveland City Sch. Dist., 443 F. App'x 974 (6th Cir. 2011) .............. 6

Kiphart v. Saturn Corp., 251 F.3d 573 (6th Cir. 2001) ............................................. 7

Kleiber v. Honda of America, 485 F.3d 862 (6th Cir. 2007)................................... 23

Knight v Metro Gov't of Nashville & Davidson Cnty.Tn., 136 F. App'x. 755
(6th Cir. 2005)........................................................................................ 11

Leeds v. Potter, 249 Fed. Appx. 442 (6th Cir.2007) ................................................ 23

Medrano v. City of San Antonio, Tex., 179 F. App'x 897 (5th Cir. 2006).......... 15

Milholland v. Sumner Co. Bd. of Ed., 569 F.3d 562 (6th Cir. 2009)................... 19

Nuetzman v. Con-Way Transp. Servs., Inc., 2007 WL 2908112
(D. Minn., 2007) .................................................................................... 15

O'Brien v. Napolitano, 2012 WL 423732 (N.D. Cal. Feb. 8, 2012) .............. 16,17

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Spence v. Donahoe, 515 F. App'x. 561 (6th Cir. 2013) ........................................ 11

Steward v. New Chrysler, 415 Fed. Appx. 632 (6th Cir. 2011) ................................. 6

US Airways, Inc. v. Barnett, 535 U.S. 391 (2002)............................................*passim*

Wright v. Universal Maritime Serv. Corp., 525 U.S. 70 (1998)................................7

Vande Zande v. State of Wis. Dept. of Admin., 44 F.3d 538 (7th Cir.1995).......... 19

**Statutes**

Americans with Disabilities Act (ADA), 42 U.S.C § 12101 *et seq* .............*passim*

Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101
*et seq*....................................................................................................*passim*

**Regulations**

28 C.F.R. § 35.104(3) ........................................................................... 10

29 C.F.R. 1630 ...............................................................................*passim*

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## INDEX OF EXHIBITS

A.  Excerpts from Voss deposition
B.  Excerpts from Freytag deposition
C.  Excerpts from Roberson deposition
D.  Medical Certification form of 5/20/14 by Mastrogianis
E.  Psychiatric Evaluation of 5/28/14 by Burnstein
F.  Patient Progress Note of 5/20/14 by Mastrogianis
G.  Medical Certification of 5/13/14 by Tangalos
H.  Certification for Disability Benefits of 6/12/14 by Tangalos
I.  Plaintiff's June 2, 2014 NJSOESC Appeal with attachments (redacted)
J.  Ford's Email and Response to Plaintiff's NJSOESC Appeal
K.  NJOESC Appeal Decision
L.  Email chain re accommodation request beginning 12/6/14
M.  Email chain re accommodation request beginning 12/11/14
N.  Email chain re approval to terminate Plaintiff
O.  Excerpts from Ford's First Supplement to Objections and Responses to Plaintiff's First Set of Interrogatories (redacted)
P.  Collective Bargaining Agreement, p. 1
Q.  Collective Bargaining Agreement, p. 86
R.  Collective Bargaining Agreement, p. 15
S.  Collective Bargaining Agreement, p. 90

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## <u>COUNTER-STATEMENT OF ISSUES PRESENTED</u>

I.    CAN PLAINTIFF ESTABLISH A *PRIMA FACIE* CASE ON A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA") AND MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA"), WHERE THE EVIDENCE SUPPORTS THAT (1) HE WAS DISABLED FROM HIS MAJOR DEPRESSIVE DISORDER, SEVERE ANXIETY AND OTHER SERIOUS MEDICAL IMPAIRMENTS THAT SUBSTANTIALLY INTERFERED WITH A MAJOR LIFE FUNCTION AND HAD A HISTORY OF A DISABILITY; (2) HE WAS OTHERWISE QUALIFIED FOR THE POSITION; (3) DEFENDANT KNEW OR HAD REASON TO KNOW ABOUT PLAINTIFF'S DISABILITY; (4) PLAINTIFF REQUESTED A REASONABLE ACCOMODATION; AND (5) DEFENDANT FAILED TO PROVIDE THE NECESSARY ACCOMODATION?

Plaintiff answers "Yes."

Defendant would answer "No."

II.   CAN PLAINTIFF ESTABLISH THAT HE PROPOSED A REASONABLE ACCOMODATION AND THAT DEFENDANT FAILED TO ACCOMMODATE HIS DISABILITY WHERE (A) "REASONABLE ACCOMODATION" MAY INCLUDE REASSIGNMENT TO AN EXISTING, VACANT POSITION; (B) VACANT POSITIONS WERE AVAILABLE IN MICHIGAN; (C) NO UNDUE FINANCIAL OR ADMINISTRATIVE BURDEN WOULD BE PLACED ON DEFENDANT TO ACCOMMODATE SUCH REQUEST; (D) SUCH ACCOMODATION WOULD NOT REQUIRE A FUNDAMENTAL ALTERATION IN THE NATURE OF THE DEFENDANT'S TRANSFER AND SENIORITY SYSTEM AND (E) "SPECIAL CIRCUMSTANCES" MAKE A SENIORITY RULE EXCEPTION REASONABLE IN THIS PARTICULAR CASE.

Plaintiff answers "Yes."

Defendant would answer "No."

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

## COUNTER-STATEMENT OF MATERIAL FACTS

1–5.   Admitted.

6.    Admitted, except that the restriction on eligibility for future transfers, recall or rehire applies only to an employee's rights under the Collective Bargaining Agreement ("CBA") and cannot prospectively waive or bar an employee's right to accommodation under the ADA or the PWDCRA. (Pl.'s Brief, § I.A). Further, when he requested a transfer back to Michigan, Plaintiff offered to repay the Relocation Allowance he received. (Ex. I, p. 430).

7–8.   Admitted.

9.    Admitted, except that Plaintiff also requested a transfer back to Michigan. (Ex. B, Freytag Dep., p. 64, ln. 3-13; Ex. I).

10-11. Admitted.

12.    Admitted. Plaintiff further states that this hardship request contained sufficient information to constitute a request for accommodation under the ADA and PWDCRA, and Defendant's Human Resources Representative recognized it as an ADA issue. (Pl's Brief, §I.G.; Ex. A, p. 22, ln. 9-25; p. 23, ln. 1-5).

13.    Admitted.  However, Plaintiff further described his medical condition, including inability to sleep, inability to eat properly, that he was seeing a psychiatrist and psychologist to help him cope with the emotional and mental stress and anxiety,

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

that he was on three different anti-anxiety and anti-depressant medications, and that he has suffered from severe panic/anxiety attacks. (Ex. I, p. 446). Plaintiff also explained why his medical condition could be reasonably accommodated by a transfer back to a Michigan-based facility. (Ex. I, p. 446).

14.     Admitted.

15.     Admitted, except that Plaintiff states that Mr. Voss' reasons for opposing Plaintiff's request for accommodation were not lawful under the ADA or the PWDCRA. (Pl's Brief, §I.E).

16.     Plaintiff admits that he does not challenge the NJSOESC ruling under the CBA, but as set forth herein Plaintiff contends that the failure to grant him a transfer back to Michigan violated the ADA and the PWDCRA (Pl's Brief, §I.E).

17-22. Admitted.

23.     Admitted, but Plaintiff further states that if Defendant had questions or doubts about his medical documentation, it had a good-faith duty under the ADA to engage in an "interactive process" with Plaintiff. (Pl's Brief, §I.G). Defendant did not respond at all to Plaintiff's December 2014 request for accommodation, but instead terminated his employment effective January 25, 2014 when Plaintiff did not return to employment in California. (Ex. N; Ex. B, p. 159, ln. 24-25; p. 160, ln. 1-3).

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

2

24.     Admitted, except Plaintiff further states that Unicare was administering his disability benefit claim, not his accommodation request.  (Ex. A, p. 18, ln. 21-25; p. 19, ln. 1-5). Plaintiff did not submit additional medical documentation to extend his disability benefits beyond October 2014 because his doctors believed he could return to work in Michigan and Plaintiff agreed.  (Ex. B, p. 101, ln. 18-25; p. 102, ln. 1-23).

25-26. Admitted.

27.     Admitted, except Plaintiff further states that he was only well enough to work in Michigan as of November 2014 and he continues to suffer from depression.  (Ex. B, p. 103, ln. 10-21; p. 12, ln. 1-6).

28.     Admitted, but Plaintiff contends that he continued to be qualified for protection under the ADA through the time of his termination in January 2015 for the reasons set forth in Section I.B below.

29-31. Admitted.

32.     Admitted to the extent that this refers to Plaintiff's "eligibility" under the CBA.  As set forth in Section I.D.1 *infra*, Plaintiff denies that the CBA should bar his claim for accommodation under the ADA or PWDCRA.

33-34. Admitted.

35.     Admitted, except as set forth in Section I.D.1 *infra*, the mere possibility of some future susceptibility to layoff is too speculative and remote of a

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

"disadvantage" to act as a legal bar to a claim for denial of accommodation under the ADA or PWDCRA.

36.     Admitted, except Plaintiff neither admits nor denies whether this principle is a "bedrock."  Further, the UAW requested on behalf of Plaintiff that he be allowed a transfer back to Michigan, and it was Defendant who opposed the transfer.  (Exs. I, J).  The joint UAW-Ford Committee that heard the request did not find that the transfer was explicitly prohibited by the CBA, but rather that there was no "mechanism" under the CBA to authorize the request. (Ex. K).  The CBA further recognizes the obligations of UAW and Ford not to discriminate against persons with disabilities, and allows for certain exceptions to the seniority rules including accommodating persons with work-related disabilities. (Exs. P, Q, S).

37.     Admitted.

38.     Admitted, except that Plaintiff states that there was a medical reason for him working near his children as opposed to just a personal desire to be near family.  (Ex. B, p. 71, ln. 12-25; p. 72, ln. 1, 10-21, p. 73, ln. 3-8).

## **INTRODUCTION**

Plaintiff Kevin Freytag ("Plaintiff") began his employment with Defendant Ford Motor Company ("Defendant" or "Ford") on or about November 29, 1999 as an hourly production employee at the Romeo Engine plant.  Facing imminent layoff, Plaintiff transferred to an open position at a facility in California.  Although

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Plaintiff's wife previously expressed interest in moving their children to California and beginning a new life there, she abruptly changed her mind and upon returning to Michigan demanded a divorce. This sudden change of events precipitated a devastating psychological effect on the Plaintiff, particularly the long distance he would have to endure from his children.

On June 2, 2014, Plaintiff requested through his union a transfer back to Michigan for medical reasons. On August 8, 2014, a joint union management appeal committee denied Plaintiff's request finding that there was no "mechanism" under the collective bargaining agreement to authorize Plaintiff's request. Plaintiff repeated his request for a transfer in November 2014 through his union and directly to Defendant on December 6, 2015, specifically requesting a need for accommodation under the ADA. Defendant did not respond to Plaintiff's renewed request and instead terminated his employment on January 12, 2015. Plaintiff's request for accommodation was reasonable in that he still was able to perform the essential functions of his job in Michigan, and there were numerous positions available at Michigan-based Ford facilities that were filled instead by new hires.

## ARGUMENT

**I.    Plaintiff Can Establish a Valid Claim of Discrimination Under the ADA and PWDCRA Based on Defendant's Failure to Provide Reasonable Accommodation**

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

The ADA forbids discrimination, which includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business" 42 U.S.C. § 12112(b)(5)(A). Michigan's PWDCRA is analyzed by the courts in a similar manner. *Steward v. New Chrysler*, 415 Fed. Appx. 632, 641 (6th Cir. 2011).

In order to prevail on a claim for failure to accommodate, Plaintiff must show that (1) he is disabled within the meaning of the Act; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) his employer knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011). "After the prima facie case is made, the burden shifts to the employer to prove that the 'challenged job criterion is essential' or that the proposed accommodation will impose an undue hardship upon the employer." *Id.* at 983.

## A.    Plaintiff Could Not Prospectively Waive His Rights Under the ADA or PWDCRA

As an initial matter, Defendant refers to the fact that Plaintiff voluntarily accepted a transfer to California, received a Relocation Allowance, and purportedly "acknowledged" that his ability for future transfers would be limited.  However,

6

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

documents that Plaintiff signed when he transferred to California cannot be a bar to his subsequently arising ADA and PWDCRA claims. An employee cannot prospectively waive his statutory protections unless it is both "clear" and "unmistakable". *Wright v. Universal Maritime Serv. Corp*., 525 U.S. 70 (1998); *Bratten v. SSI Services, Inc*., 185 F.3d 625, 631 (6th Cir. 1999). "[A]n employer cannot avoid its responsibility to make reasonable accommodation subject to the undue hardship limitation through a contractual arrangement." 29 C.F.R. § 1630.6. Further, when Plaintiff first requested a transfer back to Michigan, he offered to repay the Relocation Allowance. (Ex. D, p. 430).

**B.     Plaintiff has a Disability as Defined by the ADA and PWDCRA**

"The threshold issue in any action brought under the ADA is whether the plaintiff is a person with a disability." *Kiphart v. Saturn Corp*., 251 F.3d 573, 582 (6th Cir. 2001). Defendant appears to concede that Plaintiff was suffering from a "disability" when he was unable to work in May 2014, but argues instead that he was "no longer disabled" when he renewed his request for a transfer to Michigan in December 2014 (Defendant's Brief at p.16).  However, under the definitions in the ADA and the PWDCRA, Plaintiff was entitled to protection throughout the time that he first went on a medical leave of absence in May 2014 up through the time his employment was unlawfully terminated in January 2015.

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Plaintiff's claims arise under the ADA Amendment Act ("ADAAA"), which became effective January 1, 2009.   Pub. L. 110-325, 122 Stat. 3553 (2008). Disability under that statute is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment." 42 U.S.C. § 12102(2).   Under the amended ADA statute, both the definition of "disability" and the term "substantially limit" are to be construed in favor of broad coverage. 42 U.S.C. § 12102(4)(A). Additionally, the term "substantially limits" is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). The question of whether an individual meets the definition of disability under this part should not demand extensive analysis. 29 C.F.R. § 1630.1(c)(4).   The term "substantially limits" is now "interpreted and applied to require a degree of functional limitation that is lower than the standard for 'substantially limits' applied prior to the [2008 Amendments]" and is based on how the individual functions as compared to the general population. 29 C.F.R. § 1630.2(j)(1)(iv).  Even temporary impairments may qualify for protection.  29 C.F.R. § 1630.2(j)(1)(ix).

"Working" has consistently been recognized as a "major life activity." 29 C.F.R. 1630.2(i); *see also*, *Huge v. General Motors Corp*., 62 Fed. Appx. 77, **2 (6th Cir. 2003). Plaintiff was unable to work at all from May 12, 2014 through September 2014 and was on a medical leave of absence through the end of October 2014. (Ex.

8

B, pp. 70-71, 101-102).  After October 2014, although Plaintiff's medical providers concluded he was healthy enough to return to work in Michigan, the concern that Plaintiff's return to work in California and away from his children would cause his underlying disability to return remained.  (Ex. B, pp. 71, 100).  Plaintiff's medical providers further advised Plaintiff that he was able to return to work but only in Michigan near his children. (*Id.*, p. 106, ln. 10-15).  Therefore, in November 2014 Plaintiff's ability to work was contingent on Plaintiff being transferred to a Michigan-based plant where he could be closer to his children. (*Id.* p. 104, ln. 14-17).

Defendant's refusal to transfer Plaintiff back to Michigan also was a contributing factor for his depression and anxiety.  (Ex. B, pp. 121, ln. 18-24; p. 123, ln. 18-21).  Plaintiff testified that only after having been in Michigan and in close proximity to his children did Plaintiff's psychological impairment improve to the point that he was able to return to work.  Plaintiff's psychological impairment significantly restricted the performance of a major life activity. Being medically limited to only work in Michigan shows that Plaintiff was "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person." 29 C.F.R. § 1630.2(j)(3)(i).

Moreover, Defendant's argument fails to appreciate the reality of a recurring disability (Def's Brief at p. 15).  Courts must consider whether an episodic

GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

impairment substantially limits a Plaintiff's major life activities "without regard to the ameliorative effects of mitigating measures." 42 USC § 12102(4)(E)(i). The purpose of Plaintiff's accommodation request in the form of a transfer from California to a Michigan-based plant was to prevent the disability from reoccurring. The ADA expressly provides that "[a]n impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D).

Further, under the second prong of determining disability under the ADA, as of December 2014 Plaintiff was protected as having a record of an impairment. 42 USC § 12102(1)(B); 28 C.F.R. § 35.104(3); *see also,* MCL § 37.1103(d)(ii). This prong includes "people who have recovered from previously disabling conditions…but who may remain vulnerable to the fears and stereotypes of their employers." *Spence v. Donahoe*, 515 F. App'x. 561, 570 (6th Cir. 2013) (internal quotations and citations omitted); *see also*, 29 C.F.R. § 1630.2(k). Plaintiff is only required to show that "at some point in the past" he had a substantially limiting impairment. *See, e.g., Knight v Metro Gov't of Nashville & Davidson Cnty., Tn.,* 136 F. App'x. 755, 760 (6th Cir. 2005) (internal citations and quotations omitted). Evidence of a history of a substantially limiting impairment can thus constitute a disability under the ADA, allowing the Plaintiff to request a reasonable accommodation for his ongoing or

10

recurrent limitations. As the above discussion suggests, Plaintiff has shown that he has a record of an impairment that substantially limits a major life activity.

Finally, Defendant's Brief moves interchangeably from discussing Plaintiff's "disability" leave under its medical leave policies and the term "disability" in reference to protection under the ADA and PWDCRA. (Defendant's Brief, *compare* pp. 13-14). That is not an appropriate comparison. In fact, the two concepts are very different. A person is "disabled" for purposes of receiving disability benefits only if they are unable to work. A person who is "disabled" under the ADA must be able to perform the essential functions of their job with or without reasonable accommodation. 42 U.S.C. § 12111(8). Therefore, the fact that Plaintiff was no longer entitled to disability benefits after October 2014 because he could return to work in Michigan does <u>not</u> mean that he was not a qualified person with a disability under the ADA. Plaintiff has continued to suffer from depression. (Ex. B, p. 103, ln. 10-18; p. 12, ln. 1-6).

### C.    Plaintiff Was At All Times Relevant Qualified for the Position He Asked to Be Transferred To

Regarding the second element of his prima facie case, Defendant does not dispute and there is little doubt that Plaintiff has made a prima facie case showing that he was capable of performing the essential functions of his employment position in Michigan. 42 U.S.C. § 12111(8). (Ex. B, p. 101, ln. 18-25; p. 102, ln. 1-21).

### D.    Defendant Knew, or Should Have Known of Plaintiff's Disability

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

11

Defendant Ford was repeatedly notified by Plaintiff of his serious psychiatric and psychological disabilities, stemming from his depression and anxiety. Plaintiff discussed his medical condition with Defendant, submitted a request for medical leave of absence, submitted a request for a transfer to the NJSOESC based on medical reasons, and submitted medical documentation from his health care providers.  (See, Exs. D – E; See also Ex. A, p. 14, ln. 18-25; p. 15, ln. 1-21).

### E.    Plaintiff Requested a Reasonable Accommodation

Plaintiff can also establish that he requested a reasonable accommodation. On June 4, 2014, Plaintiff, through his union, provided a detailed appeal requesting a transfer back to Michigan with supporting medical documentation. (Ex. D).  Ford did not submit its response to that request until two months later on August 6, 2014 (Ex. E).  The NJSOESC denied the request on August 8, 2014 acknowledging that it was "sympathetic" to Plaintiff's situation, but concluding that there was "no mechanism" under the CBA to allow for the transfer and it was therefore "unable" to grant the request. (Ex. F). Thereafter, Plaintiff tried to work through his union to obtain an accommodation. (Ex. B, p. 76-77). When that did not occur he wrote directly to Defendant in December 2014 making a request pursuant to the ADA reasonable accommodation from Defendant Ford of transferring him to a position in southeast Michigan (Ex. B, pp. 105-107; Ex. G).

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

12

### 1.     The Terms Of The Collective Bargaining Agreement Should Not Bar Plaintiff's Request For Reasonable Accommodation Under The Special Circumstances Of This Case

Defendant argues that Plaintiff's request for accommodation is unreasonable as a matter of law because it would have conflicted with its seniority system under its collective bargaining agreement ("CBA") (Defendant's Brief, pp. 17-21). However, the seniority system should not act as a bar in the present case. The seminal case in this regard is *US Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). In *Barnett*, the Court acknowledged that "reasonable accommodation" may include reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2)(ii); *Barnett*, 535 U.S. at 398.

The Court further held that the fact that an accommodation would require a change in policy, violate a disability-neutral rule, or create a preference did not necessarily demonstrate unreasonableness or undue hardship. 535 U.S. at 397. The Court concluded that an employer was not exempted automatically from compliance with the ADA simply because a reasonable accommodation conflicts with the employer's established seniority system. *Id*. at 397-398. Although the Court did state that a proposed accommodation which conflicts with an employer's established seniority system will not be reasonable "in the run of cases" because it would undermine the employees' expectations of consistent, uniform treatment, an employee may show that "special circumstances" warrant a finding that a particular

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

accommodation is nonetheless reasonable. *Id*. at 404-405. As examples, such circumstances could include where an employer unilaterally and fairly frequently changes the seniority system, reducing employee expectations that the system will be followed, to the point where one more departure "will not likely make a difference;" or where the seniority system already contains exceptions such that one further exception "is unlikely to matter." *Id*. at 405. The *Barnett* Court concluded, though, that these examples were not exhaustive of the types of special circumstances that a plaintiff could show. *Id*. at 405-406.

The full extent of the "special circumstances" referenced in *Barnett* has not been settled in the Sixth Circuit. In *Arthur v. Am. Showa, Inc.,* 2015 WL 4773303 (6th Cir. 2015), the court noted that "the Sixth Circuit has yet to expound upon the Supreme Court's discussion of 'special circumstances." *Id*. at **5. But the *Arthur* Court found that the plaintiff could not establish such special circumstances since the positions he desired were already occupied and an employee would have to be transferred to another position. This is not the situation in the present case.

Other cases have also noted the important distinction of whether or not the requested accommodation would require another employee to be displaced. *Medrano v. City of San Antonio, Tex.,* 179 F. App'x 897, 904, fn. 9 (5th Cir. 2006) ("co-worker impact is the touchstone of the 'special circumstances' analysis under *Barnett*"); *Nuetzman v. Con-Way Transp. Servs., Inc.,* 2007 WL 2908112, at **6

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

14

(D. Minn., 2007) (finding "special circumstances" existed in allowing the plaintiff to be provided with an air-conditioned truck and rejecting defendant's argument that this would "constitute an undue hardship because it would upset the seniority-based system that ConWay's drivers use to select routes.")

In the present case, Defendant has identified from the period of April 20, 2014 through Plaintiff's termination on January 12, 2015 1,347 openings at plants operated by Defendant in Wayne, Oakland, and Macomb Counties. (Ex. O, pp. 8-9). Of these, 1,267 were filled by new, external hires. (Ex. O, pp. 9-14). For those positions that were filled by new hires, that means Defendant could not fill them with existing employees after going through eight steps of offering the positions voluntarily and/or mandating that employees fill them. (Roberson Affidavit, Defendant's Ex. C, Par. 4). Therefore, the jobs that Plaintiff was seeking to transfer to clearly had existing vacancies and no hourly employee would have to be displaced.

Despite the vacancies, Defendant still claims it would be unreasonable for it to have offered one of the positions to Plaintiff to accommodate his disability because Plaintiff would have transferred with greater seniority than some existing employees at those locations. Under the eight step process that Defendant went through to fill the positions internally, any of those transfers would have placed the new employee into the plant with their corporate seniority. The risk that Plaintiff's

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

transfer would be the key deciding factor in an employee losing their job in the future is too speculative and remote to be grounds for trumping the right to accommodate under the ADA.  Obviously, none of the plants with openings were on the brink of lay-off, since they had vacancies that had to be filled with new hires.  Moreover, Plaintiff's departure from the Sacramento plant would theoretically help any employee at the California plant who had less seniority than him.

Defendant also argues that the decision by the joint Ford-UAW committee (NJSOESC) on Plaintiff's transfer request forecloses any potential legal relief under the ADA and PWCRA because granting Plaintiff's request for an accommodation would violate the CBA.  However, in *O'Brien v. Napolitano*, 2012 WL 423732 (N.D. Cal. Feb. 8, 2012) the Court denied summary judgment because "Defendant has not shown as a matter of law that the requested accommodation was explicitly prohibited by the terms of the CBA." *Id*., at *17.  Moreover, the *O'Brien* court concluded that the "question whether the accommodations would conflict with the CBA presents a triable issue of fact and Defendant's motion for summary judgment on this ground is denied." *Id*.

Here, the NJSOESC did not find that Plaintiff's transfer would explicitly violate the CBA, but rather that there was no "mechanism" under the CBA to authorize the request. (Ex. K).  The CBA does contain statements of intent and exceptions based on disabilities.  The first page states that: "Ford Motor Company

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

16

and the UAW recognize their respective responsibilities under federal and state laws relating to fair employment practices.  The Company and the Union recognize the moral principles involved in the area of civil rights and have reaffirmed in their Collective Bargaining Agreement their commitment not to discriminate . . . against any employee with disabilities." (Ex. P).  Section 27 of the CBA expressly provides for an exception to the seniority rules with regard to employees with work-related injuries in the Company's "discretion" subject only to "consultation" with the Union. (Ex. S). As indicated in *Barnett*, one of the special circumstances is where the seniority system already contains exceptions such that one further exception "is unlikely to matter." *Barnett,* at 405.

It is also important to note that this is <u>not</u> a situation where the employer tried to grant the accommodation, and was blocked by the union.  To the contrary, the UAW filed an appeal on Plaintiff's behalf to the NJSOESC Committee <u>requesting</u> the transfer.  (Ex. I). Defendant took a position <u>contrary</u> to the Union by objecting to the Union's request to the NJSOESC Committee and opposing Plaintiff's transfer. (Ex. J). Under these circumstances Defendant should not be allowed to use the CBA as a shield to circumvent its obligations under the ADA and PWDCRA.  The CBA provides for "transfer" of employees between plants with the signed consent of the employee and his Committee person outside of placement under the provisions of the CBA (Ex. Q), and Ford retains the "sole right" to manage its business, including

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

the transfer of employees, subject only to the express regulations and restrictions in the CBA. (Ex. R). Here, Defendant did not even consider Plaintiff for any of the numerous vacant positions, and Defendant has not submitted any evidence that it ever even asked the Union if it objected to Plaintiff's transfer to one of those positions. (Ex. C, Dep. of Roberson, p. 34, ln. 15-25; p. 35, ln. 1-3, 6-20; p. 36, ln. 22-25; p. 37, ln. 1-4).

Defendant cites to *Burns v. Coca-Cola Enterprises, Inc*., 222 F.3d 247 (6th Cir., 2000); *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017 (6th Cir. 2013); and *Hedrick v Western Reserve Case System*, 355 F.3d 444 (6th Cir. 2004). However, *Burns* and *Hedrick* did not address the controlling U.S. Supreme Court decision on this issue in *Barnett*. The *Henschel* Court's opinion is distinguishable, since returning the plaintiff back to work in that case would have ultimately "required the Union to remove a more senior employee from his position without assuring him a position at an equal pay-scale." 737 F.3d at 1024. In the present case, granting Plaintiff a transfer back to a vacant position in Michigan would not have displaced any employees.

### 2.    Plaintiff's Request to Transfer To a Michigan-Based Facility to Accommodate His Disability Was Not Unreasonable As a Matter of Law

Defendant further argues that a series of so-called "commuter cases" demonstrates the unreasonableness of Plaintiff's proposed accommodation. Defendant's reliance upon *Regan v. Faurecia Automotive Seating, Inc*., 679 F.3d

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

475 (6th Cir. 2012) is misplaced. There, the Sixth Circuit held that despite ADA regulations suggesting that a modified work schedule may be required as a reasonable accommodation in some circumstances-an employer's denial of a request for a modified work schedule to shorten the employer's commute was not required under the ADA. However, *Regan* was decided based on the law prior to the ADA amendments, since the plaintiff had resigned in September 2008 and the amendments took effect on January 1, 2009. *See, e.g., Milholland v. Sumner Co. Bd. of Ed.*, 569 F.3d 562, 565 (6th Cir. 2009). Also, unlike in *Regan*, the transfer sought by the Plaintiff in this case was not for a "personal benefit" but rather directly related to his medical condition. (Ex. I, p. 446; Ex. B, p. 103, ln. 10-18; p. 12, ln. 1-6).

Other cases cited by Defendant are also unavailing. For example, *Brookins v. Indianapolis Power & Light Co.*, 90 F. Supp. 2d 993, 1005 (S.D. Ind. 2000) concerned an employee's uncontrolled depression that caused him to fail to report to work and to call in sick. In the present case, Plaintiff's medical disabilities could be accommodated by a transfer to a Michigan-based facility. "Often the disabling aspect of a disability is, precisely, an intermittent manifestation of the disability, rather than the underlying impairment." *Vande Zande v. State of Wis. Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir.1995). The commuter cases cited by Defendant still require employers to provide reasonable accommodations that are medically necessary. *Esktrand v. Sch. Dist. of Somerset*, 583 F.3d 972, 976 (7th Cir. 2009). In

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

19

the cases cited by Defendant, the court felt that the shorter commute time was not medically necessary. *See Blickle v. Ill. Dep't of Children & Family Servs.*, 2015 WL 5693081, at *4 (N.D. Ill. Sept. 28, 2015); *Salmon v. Dade Cnty. Sch. Bd.*, 4 F. Supp. 2d 1157, 1163 (S.D. Fla. 1998). However, this should not *ipso facto* lead the Court to conclude that Plaintiff's medical disabilities are similar. The law's insistence on an individualized determination—one which focuses on the medical condition's actual effect on the specific plaintiff—lies at the heart of the ADA's protections for those disabled. *Holiday v. City of Chattanooga*, 206 F.3d 637, 643 (6th Cir. 2000).

## F. Defendant Failed and/or Refused to Grant the Requested Accommodation

Defendant argues that it reasonably accommodated Plaintiff's May 2014 disability by providing him with a medical leave of absence rather than a transfer. (Defendant's Brief, pp. 13-14).  Defendant is correct in stating that an employer is only required to provide a "reasonable" accommodation; not necessarily the specific accommodation requested by the employee. *Hedrick, supra,* 355 F.3d at 457. Plaintiff does not dispute that the medical leave of absence was an adequate short term solution to his problem during the time that his medical condition rendered him unable to work at all. *Cehrs v. NE. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 783 (6th Cir. 1998) (noting that a medical leave of absence may constitute a reasonable accommodation, under appropriate circumstances).   However, the medical leave of absence was not a reasonable long term accommodation.  The goal

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

of Plaintiff's treatment was for him to recover sufficiently to allow him to return to work, and therefore the disability leave was granted on the assumption that Plaintiff's disability would be of limited duration. (Fact 11). By denying Plaintiff's transfer request, Defendant essentially condemned him to having to choose between his mental health or his job. (Ex., B, Freytag Dep., pp. 100, 106).

### G. Plaintiff Provided Sufficient Documentation Regarding the Medical Need for his Transfer Request, and Defendant Failed to Engage in the Interactive Process with Plaintiff

Defendant also argues that it should be granted Summary Judgment because Plaintiff failed to provide it with sufficient documentation regarding his December 2014 accommodation request. (Defendant's Brief, pp. 14-16). Defendant does not appear to dispute the fact that Mr. Freytag provided sufficient medical information with respect to his initial request for a transfer on June 2, 2014. Nor could they. As discussed *supra*, Section I.D., Plaintiff submitted medical documentation in support of his medical leave of absence and his transfer request to the NJSOESC. Plaintiff also explained the reasons why his medical condition could be reasonably accommodated by a transfer back to a Michigan-based facility. (Ex. D, p. 446). Defendant never questioned Plaintiff's medical documentation or asked for additional documentation. Instead, Defendant submitted its response to Plaintiff's appeal opposing the transfer request on the basis of the CBA. (Ex. J).

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

21

However, Defendant claims that when Plaintiff renewed his request for a transfer to Michigan in December 2014, he failed to attach additional medical documentation and therefore his claim should be dismissed. In Plaintiff's email requesting accommodation in December 2014 he clearly cited again his medical need for the accommodation: that he was suffering from severe depression, that the transfer back to Michigan was necessary to "control and conquer" his depression; that his doctors had determined that he was able to return to work in Michigan; that his doctors believed that if forced to return to California there would be a recurrence of his psychological/psychiatric ailments; and he specifically referenced the reasons stated in his prior appeal to the NJSOESC.  (Exs. L, M).  Taking this together with the medical documentation he previously provided, this was more than sufficient to put Defendant on notice of his serious medical condition.

There is no requirement under the ADA that an employee submit and attach all of his medical evidence in the request for accommodation.  Indeed, the Sixth Circuit has held that the ADA does not require employees to "use the magic words 'accommodation' or even 'disability.'"  It is sufficient if the request makes it clear from the context that it is being made in order to conform with existing medical restrictions. *Leeds v. Potter*, 249 Fed. Appx. 442, 449 (6th Cir.2007).

The medical "documentation" that Defendant claims Plaintiff was told he needed to submit was <u>not</u> documentation to support his need for a transfer back to

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

Michigan.  Rather, it was documentation if he wanted to stay on a medical leave of absence.  (Ex. A, p. 33, ln. 5-14; p. 41, ln. 6-23; p. 55, ln. 10-16).  When Mr. Voss received Plaintiff's request for accommodation in December 2014, he felt that Plaintiff had already been denied a transfer and that nothing more could be done for him.  (Ex. A, p. 53, ln. 11-23).  Defendant never questioned the medical basis for his <u>accommodation</u> request, never asked for additional documentation, and never responded at all.  Instead, it terminated his employment.

Defendant argues that when Plaintiff first requested a transfer Defendant was only filling positions in Michigan with transfers, and not with new hires.  However, by the time Plaintiff made the renewed request for a transfer and was ready to return to work in December, Defendant was hiring off the street. (Fact #32).  As argued above, this is a significant difference under the ADA and Defendant had a good-faith duty to respond to Plaintiff's request by engaging in the "interactive process". 29 C.F.R. § 1630.2(o)(3); *Kleiber v. Honda of America*, 485 F.3d 862, 871 (6th Cir. 2007).  "The purpose of this process is to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."  *Id*. (internal quotations omitted).  The interactive process "requires communication and good-faith exploration of possible accommodations."  *Id*. "The interactive process is mandatory, and both parties have a duty to participate in good faith."  *Id*. "When a party obstructs the process or otherwise fails to

GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C. 30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

participate in good faith, 'courts should attempt to isolate the cause of the breakdown and then assign responsibility." *Id.* Defendant failed to meaningfully engage in the interactive process with Plaintiff, including exploring reasonable accommodations under the ADA.

Defendant argues that the court in *Cash v. Siegel-Robert, Inc.*, 548 F. App'x 330 (6th Cir. 2013) rejected an ADA claim under "similar circumstances." The facts in *Cash* are not at all similar to this case. In *Cash*, the Sixth Circuit found that the claim lacked support because there was "no proof" that the plaintiff asked the employer to grant him a reasonable accommodation to return to his job. *Id.* at 335. Here, there is ample evidence that Plaintiff requested multiple times a reasonable accommodation in the form of a transfer to a multitude of existing vacancies at Michigan-based plants.

## H.  Defendant Cannot Establish that Plaintiff's Request for Accommodation was an Undue Hardship

Since Plaintiff can establish a prima facie case for denial of accommodation under the ADA and PWDCRA, the burden accordingly shifts to Defendant Ford to demonstrate that the "accommodation would impose an undue hardship on the operation of" its business. 42 U.S.C. § 12112(b)(5)(A); *see also*, *Barnett*, 535 U.S. 391 at 402.  A requested accommodation would impose an "undue hardship" where it requires "significant difficulty or expense." 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1630.2(p)(1). For the reasons set forth *supra* in Section I.E, Plaintiff's request for

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334

24

accommodation was reasonable and should not be barred because of the seniority system in the CBA.  Defendant has set forth no other competent evidence than its seniority system to argue that granting the accommodation would constitute an "undue hardship." At a minimum, Plaintiff's request for a reasonable accommodation presents a sufficient genuine issue of material fact inappropriate to be resolved by granting Defendant's Motion for Summary Judgment. *Id*. For the same reasons that there is a triable issue of fact as to failure to accommodate, there is a triable issue whether Defendant's proffered reasons are merely a pretext for discrimination.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment in its entirety.

Respectfully submitted,

GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN P.C.

BY:   /s/ DAVID A. KOTZIAN (P38308)
       AHMAD CHEHAB (P75560)
       Attorneys for Plaintiff
       30500 Northwestern Highway, Ste 425
       Farmington Hills, MI 48334
       (248) 865-0001
       dkotzian@gmgmklaw.com
       achehab@gmgmklaw.com

Dated: July 11, 2016

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 11th day of July, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to Elizabeth P. Hardy and Thomas J. Davis at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

BY:  <u>/s/ DAVID A. KOTZIAN (P38308)</u>
AHMAD CHEHAB (P75560)
Attorneys for Plaintiff
30500 Northwestern Highway, Ste 425
Farmington Hills, MI 48334
(248) 865-0001
dkotzian@gmgmklaw.com
achehab@gmgmklaw.com

GASIOREK, MORGAN, GRECO,
MCCAULEY & KOTZIAN, P.C.
30500 NORTHWESTERN HIGHWAY, SUITE 425, FARMINGTON HILLS, MI 48334